IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IDIT DOBBS-WEINSTEIN, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00183 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| VANDERBILT UNIVERSITY, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 6). Defendant filed a Response (Doc. No. 14), and Plaintiff filed a Reply (Doc. No. 18). For the reasons stated herein, the Motion is **DENIED**.

### I.   FACTUAL BACKGROUND

Plaintiff filed this action in Davidson County Chancery Court on March 15, 2022, alleging disability discrimination, retaliation, and negligent or intentional infliction of emotional distress. (Doc. No. 1-1). Defendant removed the case to this Court the same day. (Doc. No. 1). Thereafter, Plaintiff filed the pending motion for a temporary restraining order, asking that the Court compel Defendant Vanderbilt University to allow Plaintiff to teach her courses remotely this semester.

Plaintiff is a philosophy professor at Vanderbilt University. (Doc. No. 1-1 ¶ 5). She teaches two courses, one with five students and another with eleven students, and supervises one Ph.D. candidate's independent study and one undergraduate student's honors thesis. (Doc. No. 15 ¶ 5). She has been diagnosed with severe pulmonary disease and advised by her physician "to avoid in-person contact." (Doc. No. 1-1 ¶ 9). Plaintiff requested that she be permitted to teach remotely for the Spring semester, and her request was denied. (*Id*. ¶¶ 10, 11). Plaintiff alleges that Defendant

has failed or refused to offer reasonable accommodation or engage in the interactive process with her. (*Id*. ¶ 12). She states that Defendant has required that she either teach in person or take paid leave under the Family Medical Leave Act ("FMLA").[1] (*Id*.). Plaintiff now moves the Court to compel Vanderbilt to allow her to teach remotely rather than either returning to in-person teaching or taking paid leave.

## II. LAW AND ANALYSIS

"Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). A temporary restraining order is an equitable remedy, the purpose of which is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). *See also*, *Procter & Gamble Co. v. Bankers Trust Co*., 78 F.3d 219, 227 (6th Cir. 1996).

In determining whether to issue a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g. Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017). While these factors are a balancing test, "even the strongest showing on the other three

---

[1] Defendant states that they proposed that Plaintiff's in-person classes would be in larger rooms to allow for additional spacing and that her students would be required to wear N95 or KN95 masks during the class. (Doc. No. 17 ¶ 7)

factors cannot eliminate the irreparable harm requirement." *D.T. v. Sumner Cty. Schools,* 942 F.3d 324, 326-27 (6th Cir. 2019) (internal quotations omitted).

Plaintiff moves for a temporary restraining order on the grounds that she will be subject to immediate and irreparable harm if she is forced to either teach in person or take FMLA leave. She requests that the Court compel Defendant to permit her to teach remotely to "maintain the status quo." (Doc. No. 7). Plaintiff's analysis of the relevant factors is scant. She states in conclusory fashion and with no citation to any authority that the balance of the factors weighs in her favor and provides minimal argument on each. The Court is not persuaded by this showing. Particularly, the Court finds that Plaintiff has failed to show that she will suffer immediate and irreparable harm absent the requested relief.

Plaintiff requested that she be permitted to teach remotely. Defendant responded with two alternative accommodations: that Plaintiff teach her two courses in person, in a larger room, and with the students wearing N95 or KN95 masks; or that Plaintiff take paid leave under the FMLA. Plaintiff suggests that each option subjects her to immediate and irreparable harm.

First, Plaintiff contends that she cannot return to in-person teaching because of the risk of contracting COVID-19. However, the record before the Court shows that Plaintiff, through counsel, expressed concern to the school that if she were to take FMLA leave, that she would not be able to use previously approved research grants to attend conferences in Paris and Rome. (Doc. No. 1-1 ¶ 26; Doc. No. 1-1, Exhibit 3; Doc. No. 7-1). The Court cannot reconcile the incongruity of Plaintiff's request to be excused from teaching an eleven-student class in person due to fears of exposure to COVID-19 with her intention to travel internationally for conferences, which will place Plaintiff in close contact with a significantly larger number of individuals who may or may not be wearing masks.

Second, Plaintiff argues that if she were to take FMLA leave, future decisions regarding her salary increases would be detrimentally impacted. Plaintiff has not submitted anything more than speculation on this point, but even if the harm were certain, courts have generally not found detrimental employment actions to be irreparable harm. *See e.g. Aluminum Workers Int'l Untion, AFL-CIO, Loc. Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 443 (6th Cir. 1982) (finding that the loss of employment absent some showing that the employees could not be reinstated is not irreparable harm); *Hayes v. City of Memphis*, 73 F.App'x. 140, 141 (6th Cir. 2003) (finding that the plaintiff's adverse employment action was fully compensable).

Finally, the Court notes that Plaintiff has submitted two affidavits from students. (Doc. Nos. 7-2, 11-1). These students state that they and other students will be harmed if they lose the opportunity to learn from Plaintiff. The Court notes that the harm demonstrated must be that of the movant, not of third parties. *See* Fed. R. Civ. P. 65. Accordingly, to the extent the affidavits are submitted to prove immediate and irreparable harm, they are unpersuasive.

Because Plaintiff has failed to show irreparable harm, the pending Motion for a Temporary Restraining Order (Doc. No. 6) is **DENIED**. *See D.T.,* 942 F.3d at 326-27.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE